UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BROOKIE C. BIGLANDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:12-CV-00067 |
| | ) | |
| MAYSVILLE REGIONAL WATER | ) | |
| AND SEWER DISTRICT and | ) | |
| JUDY JAMES, *in her official and* | ) | |
| *personal capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

In this First Amendment retaliation case, Plaintiff Brookie Biglands, a former employee of the Maysville Regional Water and Sewer District (the "District"), is suing the District and its Board President, Judy James, under 42 U.S.C. § 1983, alleging that James, in her individual and official capacity, and the District terminated her employment when she spoke out as a citizen on matters of public concern.

Biglands also asserts claims under Indiana law; more particularly, that she was terminated—again by James and the District—for engaging in protected activity in contravention of the public policy of the State of Indiana as well as statutorily protected activity under Indiana's whistleblower statute, Indiana Code § 36-1-8-8.

The District and James filed an Answer on April 18, 2012, with purported affirmative defenses (Docket # 12), and Biglands followed that with a motion (Docket # 16) seeking to strike twelve of them. The motion is now fully briefed.

1

The District and James do not contest the striking of affirmative defenses 1, 4, 5 (only with respect to laches and waiver), 6, 7, 8, and 18—and so those affirmative defenses are stricken. What remains is Biglands' motion to strike affirmative defenses 5 (with respect to unclean hands, estoppel, and acquiescence), 10, 11, 12, 15, and 16. Upon review of those remaining affirmative defenses, the Court will GRANT the Motion.

## II. STANDARD

An affirmative defense asserts that even if the allegations of the complaint are true, additional facts excuse the defendant from some or all liability. *Green v. Kubota Tractor Corp.*, No. 09 CV 7290, 2012 WL 1416465, at *1 (N.D. Ill. Apr. 24, 2012) (citing *Tucker Law Firm LLC v. Alise*, No. 11-CV-1089, 2012 WL 252790, at *7 (N.D. Ill. Jan. 25, 2012)). An affirmative defense is a pleading subject to Federal Rule of Civil Procedure 8(a), and therefore must include a short and plain statement of the defense. *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV- 95-PRC, 2012 WL 266968, at *1 (N.D. Ind. Jan. 30, 2012) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). In *Heller*, several defenses were deemed meritless because they were "nothing but bare bones conclusory allegations," with the defendant failing, as Rule 8 requires, to provide a "short and plain statement of facts" and omitting as well "the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295.

Nevertheless, a motion to strike an affirmative defense is generally disfavored because they can cause delay. *Id.* at 1294. But, as *Heller* observed, they can be useful to remove clutter, such as an affirmative defense that merely raises matters already at issue. *Id.* Ultimately, however, affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Cottle*, 2012 WL 266968, at *1 (quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388,

1400 (7th Cir. 1991)) (citing *Heller*, 883 F.2d at 1294 ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.")).

With these principles in mind, the Court will now turn to Biglands' challenges to the affirmative defenses advanced by the District and James, addressing first those she attacks as too "bare bones" and then those she claims that are not affirmative defenses at all.

### III.  DISCUSSION

#### A.  The Affirmative Defenses Listed as 5 and 12 Are Insufficiently Pled

Biglands, who is seeking reinstatement and perhaps other equitable relief, wants to strike the affirmative defenses of unclean hands, estoppel, and acquiescence advanced by the District and James (Affirmative Defense 5); and to also strike Affirmative Defense 12, the assertion that her injuries were caused by "persons and/or entities other than [the District and James]."  As Biglands sees it, these are bare bones assertions, devoid of supporting facts or any reference to the elements of those defenses.

The District and James respond, however, that they raised the defenses to provide notice, and, since the case was filed just a little more than three months ago, there is no prejudice if the defenses are allowed to stand while they learn more facts through discovery.

Although the primary purpose of Rule 8(c) is to provide notice, *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006), the District and James must still comply with the Seventh Circuit Court of Appeal's pleading requirements for affirmative defenses as otherwise their Answer contains "unnecessary clutter." *Heller*, 833 F. 2d at 1294.  Courts that have faced other such 'bare bones" assertions as the District and James advance with their affirmative defenses have removed them as failing to

3

include, as Rule 8(a)(2) requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Puryear v. Ind. Pallet Co.*, No. 2:11-CV-12, 2011 WL 5553697, at *2 (N.D. Ind. Nov. 15, 2011); *J & J Sports Prods., Inc. v. Munoz*, No. 1:10-CV-1563-WTL-TAB, 2011 WL 2881285, at *1 (S.D. Ind. July 15, 2011); *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp.*, No. 07 CV 2898, 2009 WL 466802, at *7 (N.D. Ill. Feb. 23, 2009).

And concerning affirmative defense 12 in particular, the assertion that Biglands' injuries were the "proximate result of [other] persons and/or entities," amounts to nothing more than a denial of liability or causation, neither of which is an affirmative defense. *Ivanhoe Fin., Inc. v. Highland Banc Corp.*, No. 03 C 7336, 2004 WL 2091997, at *4 (N.D. Ill. Sept. 15, 2004) (citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 991 (N.D. Ill. 1983)). Consequently, this affirmative defense should be stricken for that reason as well.

Accordingly, although the affirmative defenses of unclean hands, estoppel, and acquiescence advanced by the District and James (Affirmative Defense 5) are being stricken, given the case's infancy, they are granted leave to amend their Answer by July 5, 2012, if they wish to clarify and advance these affirmative defenses.

### B.  Affirmative Defenses 10, 11, 15, and 16 Must Also Be Stricken

The tenth so-called affirmative defense advance by the District and James states, "[t]hat . . . [t]he acts and/or omissions . . . were not committed under color of state law . . . ."

Their eleventh affirmative defense states that "defendants may not be held liable based on a theory of *respondeat superior* . . . ."

The fifteenth affirmative defense they raise alleges that the actions of the District and James "were based on legitimate non-discriminatory business reasons unrelated to any expression or activity by [Biglands]."

Finally, their sixteenth affirmative defense asserts that Biglands "failed to report the activity in writing to her supervisor as required under Ind. Code § 36-1-8-8(a)."

Biglands asserts that these are not true affirmative defenses; that is, the District and James are seeking to negate elements of her case in chief rather than, as would be proper in asserting an affirmative defense, an admission of her allegations followed by separate reasons why they are not liable.

Notably, in that regard, the District and James apparently concede that Biglands has identified the proper formula for an affirmative defense. *Instituto Nacional*, 576 F. Supp. at 989 ("The basic concept of an affirmative defense is an admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable."); *see also Convergence Aviation, Ltd. v. United Technologies Corp.*, No. 10 c 2021, 2011 WL 1337099, at *1 (N.D. Ill. Apr. 7, 2011) (noting that an affirmative defense is an assertion of new facts or arguments that, if true, would defeat the asserted claim even if all of the claim's allegations are proven true).

Rather, the District and James maintain that what they are really asserting here are not affirmative defenses, but matters of "avoidance," which Federal Rule of Civil Procedure 8(c)(1) expressly recognizes as something separate and apart from affirmative defenses. Indeed, the legal concept of an "avoidance" arises from what in common law pleading were matters of confession and avoidance. *Gomez v. Toledo*, 446 U.S. 635, 641 n. 8 (1980).

5

This concept lives on in Rule 8(c)(1) as the "lineal descendent of . . . 'confession and avoidance,' which permitted a defendant who was willing to admit that the plaintiff's declaration demonstrated a prima facie case to then go on and allege additional new material that would defeat the plaintiff's otherwise valid cause of action." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1270 (3d ed. 2012); *see also Gwin v. Curry*, 161 F.R.D. 70, 71 (N.D. Ill. 1995).

"Generally speaking, [Rule 8(c)(1)'s] reference to 'an avoidance or affirmative defense' encompasses two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer." 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1271; *see also Ocean Atl. Dev. Corp. v. Willow Tree Farm L.L.C.*, No. 01 C 5014, 2002 WL 485387, at *2 (N.D. Ill. Mar. 29, 2002); *Evergreen Media Corp. v. Radio & Television Broad. Eng'rs, Local Union No. 1220 of Bhd. of Elec. Workers*, 983 F.Supp. 731, 737 (N.D. Ill. 1997); *Sanchez v. La Rosa Del Monte Express, Inc.*, No. 94 C 3602, 1994 WL 603901, at *2 (N.D. Ill. Nov. 1, 1994).

Consequently then, matters that a plaintiff must plead and prove as part of her *prima facie* case, or a defendant's assertions challenging an ability to prove such matters, are not an avoidance or an affirmative defense under Rule 8(c). *See Tome Engenharia E. Transporrtes, Ltd. v. Malki,* No. 94 C 7427, 1996 WL 172286, at *10 (N.D. Ill. Apr. 11, 1996) (noting that a proper affirmative defense raises matters outside the scope of a plaintiff's *prima facie* case);

6

*Instituto Nacional*, 576 F. Supp. at 991 (same); *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D. Ill. 1982) (same).

Turning to the District's and James' tenth affirmative defense addressing Biglands' First Amendment retaliation claim under § 1983, it must be noted that she must show that her termination was likely to deter the exercise of free speech and, most importantly for our purposes here, "under color of law." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 534 (7th Cir. 2006) (quoting *Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000)). Both the District and James have, however, already denied the allegation that they acted "under color of law" as alleged in paragraphs 11, 12, and 66 of Biglands' complaint. (*See* Answer ¶¶ 11, 12, 66.) Accordingly, having already expressly denied a component of Biglands' *prima facie* § 1983 case, the District and James offer nothing further in their tenth affirmative defense, making it neither a matter of avoidance nor an affirmative defense; therefore it must be stricken. *Gwin*, 161 F.R.D. at 71; *Instituto Nacional*, 576 F. Supp. at 991; *Bobbitt*, 532 F. Supp. at 736.

In the eleventh affirmative defense, the District and James maintain that they cannot be held liable on Biglands' § 1983 claim on a theory of *respondeat superior* . . . ." Indeed, in the context of § 1983, Biglands has only alleged a *Monell* claim against the District. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), provides that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quoting *Monell*, 436 U.S. at 691).

And, to the extent that James in her individual capacity has advanced the eleventh affirmative defense, it is equally unavailing. Indeed, it does not appear that Biglands is claiming that James is liable for the unconstitutional conduct of any subordinates, but even if that were the

7

case, government officials may not be held vicariously liable for the unconstitutional conduct of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Consequently, because *respondeat superior* is not a valid theory against either the District or James under § 1983 as a matter of law, their assertion that they cannot be held liable on a theory of *respondeat superior* should be stricken as unnecessary clutter. *Heller*, 883 F.2d at 1294.

In their fifteenth affirmative defense, the District and James allege that their actions towards Biglands were based on legitimate non-discriminatory business reasons unrelated to anything she may have said or did; or stated another way, even if Biglands made some constitutionally protected comments, she would have been terminated anyway due to some unspecified, business-related reason. The District and James have already denied, however, at paragraph 63 of their Answer, that "any speech . . . was the reason for [Biglands'] termination." (Answer ¶ 63.)

The First Amendment prohibits a public employer from retaliating against an employee for engaging in protected speech. *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). To establish a *prima facie* case of First Amendment retaliation, a plaintiff must present evidence that: (1) her speech was constitutionally protected; (2) she suffered a deprivation likely to deter free speech; and (3) her speech was at least a motivating factor in the employer's action. *Id*. at 378-79. Once a plaintiff demonstrates that an improper purpose was a motivating factor, the burden shifts to the defendant to show that the same decision would have been made—that is, the employer was motivated by a legitimate, non-discriminatory reason—in the absence of the protected speech. *Id*. at 379. If the defendant satisfies his burden, the plaintiff must then

demonstrate that the defendant's proffered reason for the decision was pretextual and that retaliatory animus was the real reason for the decision. *Id.*

Overall, the fifteenth affirmative defense amounts to nothing more than a denial of Biglands' allegations. *Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009). Moreover, the District and James have already put these matters in issue by denying certain allegations in their Answer and cannot raise these matters again by affirmative defense. *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 804 (N.D. Ill. 2000) (citing *Menchaca v. Am. Med. Response of Ill., Inc.*, 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998) (holding that where plaintiff employee alleged discriminatory and retaliatory reasons for her firing and defendant employer put those matters in issue by denials of those allegations, employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); *Winding v. Pier Mgmt. Serv.*, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer)).

Accordingly, like their tenth affirmative defense, since the District and James have already expressly denied a component of Biglands' retaliation case, their fifteenth affirmative defense or avoidance will be stricken.

Finally, in their sixteenth affirmative defense the District and James assert that Biglands "failed to report the activity in writing to her supervisor as required under Ind. Code § 36-1-8-8(a)." This assertion mimics their response to Biglands' claim that she engaged in protected

activity under the statute and was terminated as a result. (*See* Answer ¶¶ 74-75.) Once again the District and James have put this matter at issue through their denials and cannot raise them again as a matters of avoidance or affirmative defense. *Renalds*, 119 F. Supp. 2d at 804; *Menchaca*, 6 F. Supp. 2d at 973; *Winding*, 1997 WL 51475, at *2. Consequently this affirmative defense or avoidance will also be stricken.

## IV. CONCLUSION

Based on the Court's analysis, Biglands' Motion (Docket # 16) is GRANTED, and the following affirmative defenses advanced by the District and James are hereby stricken: 1, 4, 5, 6, 7, 8, 10, 11, 12, 15, 16, and 18.

The District and James are granted leave, however, to amend their Answer by July 5, 2012, if they wish to clarify and advance the affirmative defenses of unclean hands, estoppel, and acquiescence.

SO ORDERED.

Entered this 12th day of June, 2012.

/S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge